UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON M. CONKLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LARRY F. REEDY, III, et al.,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 1:23-CV-01197<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

This action brought by *pro se* Plaintiff Jason M. Conklin ("Conklin") was commenced by the filing of a complaint against Defendants Larry F. Reedy, III ("Reedy"), John Does 1-25, and Jane Does 1-25 (collectively, "Doe Defendants") pursuant to 42 U.S.C. § 1983.[1] (Doc. 1, at 1). In his complaint, Conklin alleges a violation of his rights under the Fourth, Fifth, and Fourteenth Amendments as well as vague allegations of conspiracy and a false light tort claim. (Doc. 1). Having conducted the statutorily-mandated screening of Conklin's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Conklin has failed to state a claim upon which relief may be granted.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On July 19, 2023, proceeding *pro se*, Conklin filed the instant action against Reedy and Doe Defendants. (Doc. 1). Concurrently with the complaint, Conklin filed a motion for leave to proceed *in forma pauperis*.[2] (Doc. 2). In the complaint, Conklin claims that on July 19, 2021,

---

[1] Conklin names Doe Defendants 1-25. (Doc. 1, at 1). Although Conklin does not explicitly state if these Defendants were arresting officers, the facts lead the Court to presume that Doe Defendants were officers involved in the July 19, 2021, events.

[2] The Court grants Conklin's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 2).

Pennsylvania State Police officers ("PSP officers") followed him for twenty minutes and pulled him over to inform Conklin of a "deed tag." (Doc. 1, at 2). Conklin alleges that at all times, he carried valid tags and registration. (Doc. 1, at 2). Conklin further alleges that he was subject to field sobriety testing and that Defendants falsified a police report "to cast me in a false light in charging me with misrepresentations and other deprivations of rights." (Doc. 1, at 2). As relief, Conklin seeks punitive damages for pain, suffering, humiliation, embarrassment, and emotional distress, "together with costs/fees and such other relief that may be deemed ( . . . ) appropriate." (Doc. 1, at 2).

II.     **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule

12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d

1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-34 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*

*v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.  **DISCUSSION**

    A.  **CLAIMS BROUGHT UNDER 42 U.S.C § 1983**

Conklin asserts claims pursuant to 42 U.S.C § 1983. (Doc. 1, at 1). Conklin also indicates that he seeks to name the Defendants in their individual capacities. (Doc. 1, at 2). However, it is evident that Conklin fails to plead a viable cause of action against Defendants for the purposes of 42 U.S.C. § 1983. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983

Section § 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a § 1983 claim, a plaintiff must demonstrate that the Defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

The "under color of state law" element of 42 U.S.C. § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Here, Conklin fails to plausibly establish that Reedy constitutes a "state actor" as required for liability under 42 U.S.C. § 1983. § 1983 provides a means to "redress violations of federal law by state actors." *Eubanks v. Young Women's Christian Ass'n*, No. 1:CV-13-CV-2050, 2013 WL 4781033, at *2 (M.D. Pa. Sept. 5, 2013) (citing *Gonzaga Univ. v. Doe*,

536 U.S. 273, 284–85 (2002) ). Under certain limited circumstances, a private individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark*, 51 F.3d at 1142-43 (detailing the various tests used to analyze whether private conduct may be treated as state action). Based on the allegations in the complaint, however, the Court is not able to discern whether Reedy is a private individual or state actor. (Doc. 1, at 1-2). Indeed, even drawing all reasonable inferences in the most favorable light to Conklin, the complaint contains no allegations that Reedy acted under the color of state law for the purposes of § 1983. *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). Thus, Conklin has both failed to demonstrate that Reedy deprived him of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.[3] *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

    The only other Defendants Conklin names in his complaint are unnamed Doe Defendants. (Doc. 1, at 2). Conklin makes no effort to identify who these officials are or how any of them were directly involved in the alleged constitutional violations. (Doc. 1, at 2). As Conklin does not identify how these Doe Defendants were involved in any of his alleged wrongs, Conklin has failed to state a plausible § 1983 claim against any Defendant. *Gordon v. Nicholas*, No. 1:22-CV-1884, 2023 WL 114054, at *3 (M.D. Pa. Jan. 5, 2023) (dismissing *pro se* complaint for failing to allege personal involvement on behalf of any named defendant).

---

    [3] Conklin's pleading is also deficient under § 1983 insofar as he fails to sufficiently allege Reedy's personal involvement in the alleged wrongs. *See Rode*, 845 F.2d at 1207. (Doc. 1, at 2).

Similarly, Conklin has not stated a plausible claim for conspiracy against Reedy or Doe Defendants. Conklin alleges a conspiracy by the Defendants "to deprive Plaintiff of their Constitutional Rights." (Doc. 1, at 2). Based on this short and fact-deficient assertion, Conklin has failed to state a claim against Defendants. This conclusory allegation, devoid of any factual support, is insufficient to state a claim on a theory of conspiracy. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This is doubly so with allegations of conspiracy which require factual basis and connections to survive screening. *See Williams v. Bitner*, 307 F. App'x 609, 611 (3d Cir. 2009) (affirming dismissal of conspiracy claim in screening for being "vague and conclusory," thus failing to state a cognizable § 1983 conspiracy claim).

Accordingly, Conklin's claims under 42 U.S.C. § 1983 against Reedy and Doe Defendants will be dismissed without prejudice.

B. STATE CLAIMS

To the extent that Conklin attempts to assert a state law tort claim for false light invasion of privacy against Defendants – the Court declines to exercise its pendent jurisdiction to hear this claim and will dismiss it without prejudice. (Doc. 1, at 2) Where a district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over state law claims 28 U.S.C. § 1367(c)(3). Whether a court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity...." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court

finds nothing in the record to distinguish this case from the ordinary one as to the remaining state law claim against Defendants, and thus the balance of factors "point toward declining to exercise jurisdiction over the remaining state law claims." See *Carnegie-Mellon Univ.*, 484 U.S. at 350, n.7.

### C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Conklin leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108.

Conklin is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. Nov. 13, 1992) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Conklin is advised to follow each claim with a corresponding good-faith request for relief. Further, Conklin is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as

averred in the original complaint. **<u>Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.</u>**

IV. **CONCLUSION**

As it stands, Conklin's complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Conklin leave to file an amended complaint within 28 days from the date of the Order filed concurrently with this Memorandum, on or before **Friday, March 1, 2024**.

An appropriate Order follows.


**Dated: February 2, 2024**                *s/ Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **Chief United States Magistrate Judge**